## POLK COUNTY v. NELSON *et al.*

## THE STATE v. THE SAME.

1. **Judgment:** LIEN AFTER CANCELLATION. Where notes are taken for the amount of a judgment, and the judgment cancelled, there is no longer any judgment, nor any lien on real estate by virtue thereof.

2. ———: ———: DURATION OF. A judgment ceases to be a lien on real estate after ten years from the date of its rendition. (Code, sec. 2882).

3. **Appeal**: TRIAL DE NOVO : DEFECTIVE ABSTRACT. The certificate of the trial judge that the record contains all the evidence introduced and offered is not sufficient to authorize a trial *de novo* in this court, where the abstract fails to state that *it* contains all the evidence contained in the record.

*Appeals from Polk District Court.*—HON. W. F. CONRAD, Judge.

FILED, MARCH 9, 1888.

ACTION in equity to subject certain real estate, the title to which is in the defendant Emma Nelson, to the payment of certain judgments against the defendant Daniel Nelson. Judgment for the defendant, and the plaintiffs appeal.

*M. D. McHenry*, for appellants.

*W. S. Sickmon*, for appellee.

SEEVERS, C. J.—I. These actions were consolidated and submitted on a single record. The material facts in the first are as follows: The defendant Daniel Nelson obtained title to the real estate in controversy in 1875, and remained the owner thereof until 1879. In 1877, the state of Iowa recovered a judgment against him for five hundred dollars in a criminal proceeding. In 1881, he was, by virtue of process issued on said judgment, committed to jail, and made a schedule of his property, executed his notes for the amount of the judgment, and was released from jail. In 1882, this judgment was cancelled by the order and direction of the district court. Notwithstanding this fact, as we understand, counsel for the plaintiffs insists that the judgment became a lien on the real estate in controversy, and that such lien continues to exist. But this cannot be so. When the judgment was cancelled it ceased to exist, and as there was no judgment there was no lien. It is not sought in this action to set

*Marginal note: 1. JUDGMENT: lien after cancellation.*

aside the cancellation, nor is it claimed it was fraudulently obtained. The plaintiff in the first action obtained a judgment on the notes above mentioned in 1884, and the conveyance of the real estate to Emma Nelson is sought to be set aside, and the same subjected to the payment of said judgment, on the ground that the title to the real estate was conveyed to said Emma for the purpose of defrauding the creditors of Daniel Nelson. This claim will be hereafter considered.

II. In December, 1873, the plaintiff in the second action recovered a judgment against Daniel Nelson

2. —— : —— : which, it may be conceded, became a lien on
duration of.    the real estate in controversy. The action to enforce such lien was commenced in 1886, but prior to that time the lien ceased to exist, it being provided by statute that judgment liens on real estate exist for the period of ten years only from the date of the judgment. Code, sec. 2882. It follows, therefore, that when this action was commenced the judgment referred to had ceased to be a lien on the real estate.

III. The only remaining question is whether the plaintiffs can, in this consolidated action, subject the real

3. APPEAL:    estate to the payment of either of said judg-
trial de novo :  ments upon the ground that the title thereto
defective
abstract.    was vested in Emma Nelson for the purpose of defrauding the creditors of Daniel Nelson. The defendants denied all fraud, and pleaded that at all times the real estate constituted the homestead of defendants, and therefore at no time could it be subjected to the payment of said judgments. Counsel for the appellee also insists that it does not appear on the face of the abstract that the evidence introduced in the district court is contained therein, and this position must be sustained. There is no statement in the abstract that it contains all the evidence, nor is the certificate of the judge attached, as is required by section 2742 of the Code. But he did sign a bill of exceptions, which recites the evidence introduced ; and following such recital is a statement that the " foregoing is all the evidence offered in the

case." Conceding that this bill of exceptions is equivalent to the required certificate, it may be further conceded that all the evidence offered and introduced below is correctly and fully stated therein. But the difficulty is, how can we say that all the evidence referred to in the bill of exceptions is correctly set out or sufficiently referred to in the abstract, in the absence of any statement to that effect? It has been repeatedly held that it must appear on the face of the abstract that all the evidence is contained therein in order to entitle the appellant to a trial anew in this court; and as this fact does not appear, we are unable to consider and determine any controverted question of fact in the case. Errors have been assigned which, however, only challenge the correctness of the facts found by the court. It follows, therefore, that the judgment of the district court must be

AFFIRMED.